UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MILISITS *et al.*,

    Plaintiffs,

v.

FCA US LLC,

    Defendant.
_____/

Case No. 20-cv-11578
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER (ECF No. 59)

In this putative class action, Plaintiffs bring a variety of statutory and common-law claims against Defendant FCA US LLC arising out of an alleged safety defect in the transmissions of their FCA vehicles. (*See* Am. Compl., ECF No. 14.) The parties are now engaged in discovery, and a dispute has arisen over how, and where, Plaintiffs' depositions should be taken. Plaintiffs want the depositions to be conducted virtually due to ongoing COVID-19 pandemic, or, in the alternative, to take place in person at a location near where each Plaintiff lives; FCA wants the depositions to take place in person in the Eastern District of Michigan, where Plaintiffs filed this action. On March 7, 2022, Plaintiffs filed a motion for a

protective order in which they ask the Court to resolve this dispute. (*See* Mot., ECF No. 59.) For the reasons explained below, the motion is **DENIED**.[1]

# I

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. Rule Civ. Proc. 26(c). Upon the filing of such a motion, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "When the parties have a dispute over the location of a deposition, courts have wide discretion in resolving the matter." *Sun Life Assurance Co. of Canada v. Conestoga Trust Services, LLC*, 2016 WL 9781803, at *1 (E.D. Tenn. Jan. 4, 2016). *See also In re FCA US LLC Monostable Electronic Gearshift Litigation*, 2017 WL 4216193, at *3 (E.D. Mich. Sept. 22, 2017) (recognizing district courts' "wide discretion to establish the time and place of depositions").

# II

The Court has carefully reviewed Plaintiffs' motion and concludes that Plaintiffs have not established that there is "good cause" to conduct the depositions virtually. The Court respects Plaintiffs' concerns about COVID-19, but given the

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

current decrease in case counts, the availability of vaccinees, booster shots, and anti-virals, and the lack of evidence presented by Plaintiffs regarding the specific medical risks that each particular Plaintiff may face from an in-person deposition,[2] the Court is not persuaded that Plaintiffs would face an unreasonable risk by traveling to and appearing for an in-person deposition under the strict conditions outlined below.

The Court also declines to require FCA to take the depositions of Plaintiffs outside of the Eastern District of Michigan *unless* Plaintiffs agree to pay the reasonable travel costs for FCA's counsel to take the deposition(s) elsewhere. Plaintiffs chose to file this action in this District, and Plaintiffs have not persuaded the Court to set aside the "general rule" that "the proper location of a plaintiff's deposition ... is in the forum where the litigation is pending." *In re FCA US LLC Monostable Electronic Gearshift Litigation*, 2017 WL 4216193, at ** 3-4 (denying

---

[2] In Plaintiffs' motion, they refer generally to some health risks that some Plaintiffs may face from an in-person deposition. For example, Plaintiffs say that "Plaintiff Joseph Milisits is elderly and his health is compromised." (Mot., ECF No. 59, PageID.3148.) But Plaintiffs do not explain how Milisits' health is "compromised" or whether his "compromised" health places him at any greater risk should he contract COVID-19. Nor have they provided any medical records and/or a doctor's note to support their contention that an in-person deposition would pose an unreasonable risk to Milisits' health. If any particular Plaintiff comes forward with *bona fide* medical evidence that could support a finding that an in-person deposition – under the strict conditions the Court outlines above – would pose an unreasonable risk to their health, the Court would be willing to consider allowing that Plaintiff to appear for his or her deposition virtually. But the Court is not willing, *writ large*, to allow Plaintiffs to all appear virtually regardless of their health status, or to do so in the absence of sufficient medical evidence supporting such a request.

3

plaintiff's motion to conduct depositions virtually or in location where plaintiffs reside because, among other things, plaintiffs had not "elaborated a sufficiently serious and specific hardship to warrant protective relief from the Court compelling a departure from the general rule that the forum of the litigation is an entirely appropriate location for the taking of party depositions"). Thus, Plaintiffs shall either (1) appear for their depositions in the Eastern District of Michigan or (2) pay for the reasonable travel costs of FCA's counsel if they decline to appear for a deposition in this District.

Accordingly, for the reasons explained above, the Court **DENIES** Plaintiffs' motion for a protective order (ECF No. 59). However, in light of the COVID-19 pandemic, the Court sets the following conditions for the depositions (which the parties must follow unless they come to a mutual agreement otherwise prior to the deposition of any Plaintiff[3]):

- Any deposition of a Plaintiff shall not take place for at least 28 days. That delay will allow any Plaintiff being deposed to receive a second COVID-19 booster shot (as recently authorized by the Food and Drug Administration and as reflected in updated recommendations from the Centers for Disease Control), if he or she wishes to do so, in sufficient time to have that second booster take effect;

- Other than the Plaintiff being deposed, all persons attending the depositions of Plaintiffs shall be vaccinated against COVID-19 *and* have received at least one COVID-19 booster shot;

---

[3] The Court sets forth above what it believes are the most appropriate conditions for any deposition in this case. The parties are free to reach their own mutual agreement on what they believe to be the most appropriate conditions for any deposition.

4

- Attendance at the deposition of any Plaintiff shall be limited to the following individuals: (1) the Plaintiff being deposed, (2) Two attorneys for the Plaintiff, (3) One paralegal or legal support person for the Plaintiff's attorneys, (4) Two attorneys for FCA, (5) One paralegal or legal support person for FCA's attorneys, (6) a court reporter, and (7) a videographer.

- The deposition shall take place in a conference room that is large enough to allow the Plaintiff being deposed to maintain a six-foot social distance from all other individuals in the room during the deposition.

- All persons attending the deposition except for the Plaintiff being deposed shall be masked at all times during the deposition;

- All persons attending the deposition shall review the questions below before entering the deposition. If the answer to any of those questions is "yes" for any participant, then that person shall not attend the deposition:

    o Have you tested positive for COVID-19 within the last 10 days?

    o Within the last 5 days, have you had in-person contact with anyone who tested positive for COVID-19 in the 10 days before your contact?

    o Are you currently experiencing, or have you experienced, the following symptoms that are not attributed to a known medical condition, in the last 10 days: cough; shortness of breath or difficulty breathing; muscle or body aches; new loss of taste or smell; nausea or vomiting?

- All persons attending the deposition shall submit to a temperature screening upon entering the deposition site. That screening shall be conducted by counsel for the Plaintiff being deposed and/or a representative designated by counsel for the Plaintiff.

**IT IS SO ORDERED**.

Dated: April 1, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2022, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan  
                                        Case Manager  
                                        (313) 234-5126